[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO RE-ARGUE
In their March 14, 2002 motion to reargue, the plaintiff's claim thatBombero v. Planning Zoning Commission, 218 Conn. 737, 591 A.2d 390
(1991), a case upon which the court relied in reaching its decision to dismiss the plaintiffs' appeal, was overturned by Stafford HigginsIndustries, Inc. v. Norwalk, 245 Conn. 551, 715 A.2d 46 (1998). The plaintiffs' reason that "[i]nasmuch as the Supreme Court of the State of Connecticut has rejected the rule in Cioffoletti, Bombero can no longer be good law either." (Plaintiffs' Motion to Reargue, p. 2.) The plaintiffs are correct in their assertion that Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 552 A.2d 796 (1989), has been overruled by Stafford Higgins Industries, Inc. However, their contention thatBombero has been overruled as well is without merit.
A review of the case law reveals that the court in Stafford Higgins Industries, Inc., "[abandoned] the Cioffoletti rule requiring that general attacks on the validity of legislation be brought in the form of declaratory judgment actions instead of substantive appeals." StaffordHiggins Industries, Inc. v. Norwalk, supra, 245 Conn. 582. The court did not, however, overrule Bombero. Bombero, unlike Cioffoletti, does not require that all general attacks on the validity of legislation be brought by way of a declaratory judgment action instead of an administrative appeal. Rather, Bombero requires a case-by-case determination as to whether a declaratory judgment action is the proper procedural vehicle for addressing constitutional and nonconstitutional arguments raised in an administrative appeal. Bombero, supra,218 Conn. 745.
The motion to re-argue is denied.
_________________________ Anthony V. DeMayo, J.T.R.